UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 20-20009

ANTHONY CHARLES SHOWERS,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND**

Defendant Anthony Charles Showers was indicted for possession of an unregistered firearm, 26 U.S.C. § 5861(d). (ECF No. 13, PageID.24.) On December 20, 2019, Magistrate Judge Elizabeth A. Stafford ordered Defendant's detention pending trial pursuant to 18 U.S.C. § 3142(e). (ECF No. 11, PageID.16-17.) Defendant moved to revoke the detention order on February 14, 2020. (ECF No. 20.) On March 5, 2020, the court denied Defendant's motion. (ECF No. 27.) Defendant's final pretrial hearing is set for August 4, 2020. (ECF No. 31, PageID.159.)

Defendant has filed a "Motion for Bond." (ECF No. 32.) He requests temporary release under 18 U.S.C. § 3142(i) due to the health risk presented by the Coronavirus Disease ("COVID-19"). (*Id.*, PageID.170.) The government has filed a response. (ECF No. 33.) The court has reviewed the record in this case and will deny Defendant's motion.

Title 18 U.S.C. § 3142 provides the court with authority to detain a defendant pending trial. The court must find that "no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A finding of dangerousness sufficient to detain a defendant pending trial "must be supported by clear and convincing evidence." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(f)(2)(B)).

Subsection (i) of § 3142 describes the required content of detention orders. The subsection also states that the court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

Release under § 3142(i) "must be 'temporary,' no longer than needed to complete the 'necessary' defense preparations or to resolve the other 'compelling' circumstances." *United States v. Bothra*, Case No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (quoting 18 U.S.C. § 3142(i)). "There is limited authority addressing what constitutes a compelling reason." *Id.* In fact, the Sixth Circuit and Supreme Court combined have reviewed only one district court decision on § 3142(i) temporary release. *See Bothra*, 2020 WL 2611545, at *2-3 (affirming denial of a defendant's motion for temporary release based on the outbreak of COVID-19).

"Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third New International Dictionary, Unabridged (2020). In the context of § 3142, the defendant's circumstances must be so extraordinary, and the conditions set sufficiently strict, to release a defendant from

2

custody who may otherwise pose too great a flight risk or too great a danger to release. 18 U.S.C. § 3142(e)(1) (A defendant will be detained pending trial when there are no conditions that "will reasonably assure [his or her] appearance" and "the safety of . . . the community"); *King v. Burwell*, 135 S. Ct. 2480, 2493 (2015) (quotation removed) ("[W]ords of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

Defendant has a troubling criminal history. In June 2013, he was convicted of carrying a concealed weapon. (ECF No. 33, PageID.186.) Later that year, he was convicted of disturbing the peace. (*Id.*) In 2014, Defendant was convicted of larceny from a person and, in 2018, he was sentenced to five years probation for carrying a concealed weapon, marijuana trafficking, possession of Xanax and oxycodone, and felony firearm. (*Id.*) While on probation in November 2019, he was convicted of carrying a concealed weapon for the third time. (*Id.*)

Defendant was arrested in December 2019 for the instant offense, possession of an unregistered firearm, while on probation. (*Id.*) He had been shot in July 2019; his residence had been "shot up" in November 2019. (ECF No. 24-6, PageID.93.) As a result, Defendant's residence was subject to a probationary search on December 3, 2019. (ECF No. 24-7, PageID.94.) Police and a state probation officer discovered an unregistered short-barrelled shotgun in Defendant's possession. (*Id.*) The gun was loaded, and ammunition was scattered in various locations around the house. (*Id.*; ECF No. 11, PageID.17.) Defendant's girlfriend and her infant child were present at the residence. (ECF No. 24-7, PageID.94.)

Considering Defendant's lengthy criminal history and the two weapons offenses he committed while on probation just last year, Magistrate Judge Stafford and this court have both found clear and convincing evidence that Defendant is a danger to the community and have ordered his detention pending trial. 18 U.S.C. § 3142(e)(1); 18 U.S.C. § 3142(f)(2)(B). (ECF No. 11, PageID.16-17; ECF No. 27.)

Defendant nonetheless seeks temporary release due to the outbreak of COVID-19. He cites the general health risk of the disease. (ECF No. 32, PageID.172-73.) However, Defendant is twenty-three years old; he does not assert any pre-existing health conditions. He is apparently "in good physical and mental health." (ECF No. 33, PageID.192.) The Midland County Jail, where Defendant is housed, has no confirmed cases of COVID-19. (*Id.*, PageID.192.)

Officials at Midland County Jail have instituted extensive precautions. New inmates are screened on arrival and are automatically quarantined from the general population for fourteen days; any inmate showing symptoms is screened, isolated, and provided medical care; staff are screened prior to beginning their shifts; jail facilities are cleaned regularly. (ECF No. 33, PageID.193.)

Defendant resides in a controlled and monitored environment, where precautions are being taken to mitigate the spread of COVID-19 and he has access to healthcare. (ECF No. 33, PageID.193.) If released, Defendant may enter free society with tens of thousands of confirmed cases. *Coronavirus: Michigan Data*, State of Michigan, https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last visited June 26, 2020) (detailing reported COVID-19 cases across Defendant's home state of Michigan). He may fail to comply with basic guidance on preventing the

4

contraction and spread of the disease, such a social distancing. *How to Protect Yourself & Others*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited June 26, 2020). This is a real possibility given Defendant's history of law breaking and probation violations. (ECF No. 33, PageID.186.)

COVID-19 presents a health risk to many in society. Nonetheless, the mere existence of the disease and the possibility that Defendant *may* contract it and *may* develop serious symptoms, at a jail with no confirmed cases, does not present "compelling" circumstances sufficient to warrant Defendant's release. 18 U.S.C. § 3142(i). He is a twenty-three-year-old man with no notable ailments. There are no conditions of release that can "reasonably assure . . . safety of . . . the community" and Defendant's request for bond will be denied. 18 U.S.C. § 3142(e)(1). Accordingly,

IT IS ORDERED that Defendant's "Motion for Bond Pursuant to 18 U.S.C. § 3142(i)" (ECF No. 32) is DENIED.

                                                                                s/Robert H. Cleland                /
                                                                                ROBERT H. CLELAND
                                                                                UNITED STATES DISTRICT JUDGE

Dated: June 30, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2020, by electronic and/or ordinary mail.

                                                                                s/Lisa Wagner                    /
                                                                                Case Manager and Deputy Clerk
                                                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-20009.SHOWERS.MotionforBond.RMK.docx